STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 08-782


IN THE INTEREST OF KYLE A. GREEN & JOSHUA GREEN


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 77,657, DIV. C
HONORABLE LESTER P. KEES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*


BILLY HOWARD EZELL
JUDGE

\*\*\*\*\*\*\*\*\*\*


Court composed of John D. Saunders, Billy Howard Ezell, and J. David Painter, Judges.



AFFIRMED.


Bradley L. Drell
Michael J. O'Shee
Gold, Weems, Bruser
P. O. Box 6118
Alexandria, LA 71307
(318) 445-6471
Counsel for Appellee:
Amanda Green Conn

**John K. (Mike) Anderson**
**Attorney at Law**
**101 South First Street**
**Leesville, LA 71446**
**(337) 239-9076**
**Counsel for Appellants:**
**Patrick Green, Sr.**
**Shirley Green**

**Ezell, Judge.**

This is an appeal by paternal grandparents who sought to amend a judgment awarding them visitation. The grandparents sought to have certain language deleted from the judgment. The trial court refused to amend the judgment, so the grandparents filed the present appeal.

## FACTS

In April of 2007, Shirley and Patrick Green filed a petition for visitation based on the provisions of La.R.S. 9:344(A), which permits visitation by grandparents of minor children whose parent has died during the marriage. Their son Ronnie Green died on January 23, 2004. He was married to Amanda Green Conn at the time of his death. Together they had two children, Kyle and Joshua Green.

At the time of the hearing on the petition, the parties had entered into a stipulated agreement concerning the visitation. A judgment was presented to the trial court and signed on November 6, 2007. On December 13, 2007, Shirley and Patrick Green filed a motion to amend the judgment. It was the grandparents' position that the judgment did not represent the stipulation. The language with which they disagree concerns the weekend of visitation that the grandparents were granted. Weekend visitation was provided in the judgment as follows(contested language in bold)(footnote added):

> The third weekend of each month commencing the third Friday of the month at 5:00 o'clock p.m. through and until 6:00 o'clock p.m. the following Saturday, then the grandparents shall transport the children to the church that the minor children attend, together with their mother, and transport them after church back to the residence of the maternal[1] grandparents to continue the visitation which will end at 6:00 o'clock p.m. on Sunday. In the event the children do not desire to stay overnight Saturday through Sunday, as described hereinabove, the maternal

---

[1] On appeal, the grandparents point out another error in the judgment in that it refers to "maternal" grandparents. However, this issue was not raised in the trial court, so it will not be addressed here.

1

grandparents may request an additional Saturday visitation during the month from the hours of 9:00 o'clock a.m. through 6:00 o'clock p.m. on that day, **which will be granted if the children, namely KYLE A. GREEN and JOSHUA D. GREEN, agree to the same.**

The grandparents seek to amend the judgment by deleting the bold language. They claim that the amendment alters only the phraseology of the judgment, which does not follow the language of the stipulation. They argue that there is no change in substance of the intent of the parties' visitation. Ms. Conn argues that the proposed amendment does affect the rights of the parties and substantively amends the judgment.

Louisiana Code of Civil Procedure Article 1951 provides that a final judgment may be amended to alter the phraseology of the judgment, as long as the substance is not affected, or to correct errors in calculation. A judgment, therefore, may be amended by the trial court when the amendment takes nothing from or adds nothing to the original judgment. *Bourgeios v. Kost*, 02-2785 (La. 5/20/03), 846 So.2d 692; *Villaume v. Villaume*, 363 So.2d 448 (La.1978); *Perrodin v. S. Siding Co., Inc.*, 524 So.2d 885 (La.App. 3 Cir.1988). In order to substantively change a judgment, the proper procedure is to file a motion for new trial, submit a timely application for appeal, or by consent of the parties. *Villaume*, 363 So.2d 448; *In re State ex rel D.T.*, 03-166 (La.App. 3 Cir. 6/4/03), 847 So.2d 799. Substantive changes made without granting a new trial are invalid. *Id.*

As the judgment stands now, the children have to agree to an additional Saturday visitation if they do not stay the Saturday of the weekend visitation. The removal of this phrase removes the condition of the children agreeing to another Saturday. This is clearly a substantive change to judgment. If the grandparents thought that this condition was not part of the stipulation, they should have filed a motion for new trial or appealed the judgment. The trial court was correct in refusing

2

to amend the judgment.

The judgment of the trial court is affirmed.  Costs of this appeal are assessed to Shirley and Patrick Green.

**AFFIRMED.**