897 So.2d 760 (2005)
Tammy PERCLE and Olivia Percle
v.
Bryan MORROW, State Farm Mutual Insurance Company and Louisiana Farm Bureau Casualty Insurance Company.
No. 04-CA-1076.
Court of Appeal of Louisiana, Fifth Circuit.
February 15, 2005.
Raymond S. Steib, Jr., Gretna, Louisiana, for Plaintiff/Appellee.
*761 James S. Thompson, Nicholas C. Gristina, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD, and SUSAN M. CHEHARDY.
SOL GOTHARD, Judge.
Louisiana Farm Bureau Casualty Insurance Company (hereinafter defendant) appeals a May 25, 2004 judgment rendered in favor of Tammy Percle and Olivia Percle (hereinafter plaintiffs), and against defendant for $9,000.00 plus interest and costs until paid.
This case arises out of a motor vehicle accident. On February 27, 2002 plaintiffs filed a Petition for Damages against Bryan Morrow and State Farm Mutual Automobile Insurance Company alleging that on or about March 1, 2001 plaintiffs were stopped at an intersection when their vehicle was struck from the rear by a pickup truck owned and operated by Bryan Morrow, causing injuries to plaintiffs. On May 10, 2002 plaintiffs filed a First Amending and Supplemental Petition adding Tammy Percle's underinsured motorist carrier, defendant, to the suit, and on May 13, 2002 the trial court signed the order for it to be filed.
On June 7, 2002 plaintiffs filed a Motion and Order to Dismiss "suggesting to this Court that this matter has been compromised and settled" and ordering that "the above-numbered and entitled cause be and the same is hereby dismissed with full prejudice as to all of plaintiffs' rights herein, with each party to bear their own costs." The order was signed by the trial court on June 7, 2002. On August 1, 2002 plaintiffs filed a Motion to Amend Motion and Order to Dismiss and on August 12, 2002 the trial court amended the Motion to Dismiss to only dismiss those claims and causes of action as they relate to State Farm Mutual Automobile Insurance Company and their insured Bryan Morrow; all claims and causes of action against defendant remained open and unadjudicated.
Subsequently, defendant filed various motions and pleadings to protest the continuation of this matter, all of which were denied. Ultimately, the parties stipulated that defendant was, on March 1, 2001, the underinsured motorist carrier of plaintiffs and that if this matter were tried, the court would render a judgment in the amount of $9,000.00 in favor of Tammy Percle, and the court rendered this judgment on May 25, 2004.
Defendant argues that the June 7, 2002 judgment ended the proceedings and that anything that happened thereafter is of no effect. We agree.
The June 7, 2002 judgment dismissing, at plaintiffs' request, all rights against all parties in this matter was a final, appealable judgment. No appeal was taken. The Motion to Amend Motion and Order to Dismiss filed on August 1, 2002 was granted on August 12, 2002.
La.C.C.P. art. 1951 provides in pertinent part that a "final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party: (1) To alter the phraseology of the judgment, but not the substance." (emphasis added)
In Bourgeois v. Kost, 02-2785 (La.5/20/03), 846 So.2d 692, 695, the Louisiana Supreme Court stated:
La.C.C.P. art. 1951 contemplates the correction of a "clerical error" in a final judgment, but does not authorize substantive amendments. Thus, the judgment may be amended by the court where the amendment takes nothing from or adds nothing to the original judgment.
*762 We find that plaintiffs' amendment to the June 7, 2002 judgment was a substantive change to a final judgment and therefore an absolute nullity. Bourgeois, supra. The trial court was without jurisdiction to conduct any proceedings in this matter subsequent to the June 7, 2002 final judgment.
For the foregoing reasons, we vacate the judgment on appeal herein and reinstate the judgment of June 7, 2002.
JUDGMENT VACATED; JUNE 7, 2002 JUDGMENT REINSTATED.