STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

05-832

PAULINE MITCHELL, ET AL.

VERSUS

FATHER ROBERT LIMOGES, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 915238
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of John D. Saunders, Michael G. Sullivan, and J. David Painter, Judges.

AFFIRMED.

Richard Creed, Jr.
8017 Jefferson Highway
Wolfe's Creek - Suite B3
Baton Rouge, LA  70809
Counsel for Plaintiffs-Appellants:
    Pauline Mitchell, et al.

Charles W. Schmidt, III
Janet L. White
601 Poydras Street, Suite 2300
New Orleans, LA  70130
Counsel for Defendants-Appellees:
    Father Robert Limoges, et al.

**PAINTER, Judge.**

Plaintiffs, Pauline Mitchell, Frank Mitchell, Jr., Priscilla Williams, and the Estate of James Williams, appeal the trial court's judgment sustaining the exception of prescription on behalf of Defendants, Father Robert Limoges, The Roman Catholic Church for the Diocese of Lafayette, Bishop Gerald L. Frey, Our Lady of Victory Parish, The Roman Catholic Church, Certain Underwriters at Lloyd's of London, and the Interstate Insurance Company. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, in their original petition filed November 6, 1991, alleged one or more acts of sexual abuse by Father Limoges upon the minor children, Frank Mitchell, Jr. and James Williams. The petition did not specify the dates on which the alleged abuse occurred, but instead alleged that the abuse occurred sometime during the years 1980 through 1982 and that Plaintiffs did not learn of the damages until May of 1991. After James Williams died, Plaintiffs filed an amended petition alleging his wrongful death.

On May 16, 2002, Defendants filed an exception of prescription which was heard on August 16, 2004. The following evidence and testimony was introduced by Defendants without objection: (1) petition for damages filed November 6, 1991; (2) transcript of the deposition of James Williams; (3) death certificate for Joseph Brown Sampy, showing date of death as August 19, 1981; (4) excerpts from the transcript of the deposition of Priscilla Williams; (5) excerpts from the transcript of the deposition of Frank Mitchell, Jr.; and (6) excerpts from the transcript of the deposition of Pauline Mitchell. Defendants alleged that this evidence showed that the abuse occurred in the fall of 1981 and that the boys told their parents about the abuse the day after it happened. According to all of the deposition testimony, the alleged

1

abuse occurred right after Ms. Williams and her family moved back to New Iberia from Lafayette. The move took place when Ms. Williams' boyfriend, Joseph Brown Sampy, died. The evidence established that Mr. Sampy died on August 19, 1981.

Plaintiffs sought to introduce live testimony of Dr. Cary Rostow, Priscilla Williams, Frank Mitchell, Jr., and Pauline Mitchell. Counsel for Plaintiffs indicated that the testimony he sought to introduce would not be in variance from the deposition testimony as far as what was disclosed to the parents the next day. Counsel for Plaintiffs explained that what he intended to show with the testimony was that "they knew very little and did not know the extent of what occurred." The trial judge took judicial notice of when the suit was filed, disallowed additional testimony by Plaintiffs as cumulative, instructed Plaintiffs' counsel to proffer the testimony by affidavit, and granted the exception of prescription. Plaintiffs did not proffer any affidavits, and a judgment granting the exception of prescription and dismissing the suit with prejudice, at Plaintiffs' cost, was signed on August 20, 2004.

On September 20, 2004, Plaintiffs filed a motion to recuse the trial judge and to amend the judgment. Plaintiffs alleged that the judgment was not circulated among counsel and was incorrect in stating that it was based on evidence presented to the court since Plaintiffs were not allowed to present evidence. Both motions were denied.

Plaintiffs now appeal and assert that the trial judge erred in: (1) refusing to allow the testimony of Dr. Rostow (Plaintiffs' proposed expert witness), Ms. Mitchell, Frank Mitchell, Jr., and Ms. Williams; (2) refusing to allow the proffer of the testimony; (3) granting the exception of prescription; (4) refusing to recuse himself; and (5) refusing to amend the judgment.

2

*Evidentiary Matters*

Plaintiffs first complain that the trial judge erred in excluding the testimony of Dr. Rostow, Ms. Mitchell, Frank Mitchell, Jr., and Ms. Williams as cumulative. At the hearing on the exception, the following colloquy between Plaintiffs' counsel and the trial judge occurred:

THE COURT: What do you have to offer, Mr. Creed? You're going to offer some testimony?

MR. CREED: Yes, Your Honor. I have –

THE COURT: On a limited point?

MR. CREED: Correct, Judge, –

THE COURT: All right.

MR. CREED: – just on this issue of discovery and when they were made – the, you know, the full extent of these events were made known to the plaintiffs.

THE COURT: Will that testimony be at variance with what's in the deposition, the deposition testimony?

MR. CREED: Not in variance, Judge, but in addition to since, you know, this is the issue before the Court. There are some things that will come out in testimony that are not in the deposition, but I don't think there's going to be any variance from the deposition, as far as what was disclosed that next day, which we talked about in chambers. No, there won't be, Judge.

THE COURT: It won't be a variance?

MR. CREED: There won't be any variance.

The admission of cumulative evidence is at the trial court's discretion. *Frederick v. Woman's Hosp. of Acadiana*, 626 So.2d 467 (La.App. 3 Cir. 1993), *writ denied*, 633 So.2d 169 (La. 1994). Here, Plaintiffs admitted that the testimony sought to be introduced was the same as that which was introduced by means of the

3

deposition transcripts. Thus, we find no abuse of discretion in the trial judge's exclusion of the testimony as cumulative.

Plaintiffs next complain that the trial judge refused to allow them to proffer the excluded testimony. Louisiana Code of Civil Procedure Article 1636(A) provides: "When the court rules against the admissibility of any evidence, it shall either permit the party offering such evidence to make a complete record thereof, or permit the party to make a statement setting forth the nature of the evidence." The opportunity to proffer the excluded evidence is mandatory, "but the trial court has the discretion to receive the proffer in full, **or to require a statement setting forth the nature of the evidence.**" *Gulf Outlet Marina, Inc. v. Spain*, 02-1589, p. 3 (La.App. 4 Cir. 6/25/03), 854 So.2d 386, 389, *writ denied*, 03-2075 (La. 11/7/03), 857 So.2d 497.

The following exchange took place at the hearing:

MR. CREED: . . . and what we intend to show the Court with the testimony is that they knew very little and they did not know the extent of what had occurred.

. . . .

THE COURT: Well, I mean, listen, how can you not understand the gravity, when I'm looking at Ms. Pauline Mitchell's deposition on Page 49: "And your sister had told you that the priest had undressed in front of Frank and made him touch his penis"
"You're darn right."

. . . .

THE COURT: I mean, I'll let you make or perfect your record so that you can take it up and have the Third Circuit look at it. Okay?

. . . .

MR. CREED: – that I have four witnesses who are here, Judge. I feel I need to proffer their testimony, and unless the Court tells me –

. . . .

4

THE COURT:    I'm going to let you proffer it by affidavit. Okay? Submit an affidavit of what you intent to establish with them. It's cumulative. I've got what I need. I've got enough here. What –

MR. CREED:    I understand, Judge, –

The record does not contain any affidavits submitted by Plaintiffs by proffer. The only affidavit is that of Plaintiffs' counsel which was attached to their brief on appeal. We are unable to consider that affidavit, as it was not introduced as proffered evidence at trial. We find that the trial judge did comply with La.Code Civ.P. art. 1636 and effectively allowed Plaintiffs to make the equivalent of a statement setting forth the nature of the excluded testimony by allowing Plaintiffs to make the proffer by affidavit. Additionally, even if we were to find that the trial judge did not allow Plaintiffs to make their proffer, we would consider it to be harmless error under the facts of this case. *See Gulf Outlet Marina*, 854 So.2d 386 (citing *Gordon v. Levet*, 96-600 (La.App. 5 Cir. 1/15/97), 688 So.2d 57). We have already found that the trial judge did not abuse his discretion in excluding the testimony as cumulative. Thus, even if we had the proffered testimony appropriately before us, we would not consider it. Accordingly, we find this argument is without merit.

*Exception of Prescription*

We review the trial judge's granting of the exception of prescription using the manifest error standard of review. *In re Evans*, 05-94 (La.App. 3 Cir. 6/8/05), 906 So.2d 683. In *Evans*, we noted that the Louisiana Supreme Court, in *Carter v. Haygood*, 04-646, pp. 8-9 (La.1/19/05), 892 So.2d 1261, 1267, has recently stated:

> Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. *Campo v. Correa*, 01-2707, p. 7 (La.6/21/02), 828 So.2d 502, 508. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed. *Campo*, 01-2707 at p. 7, 828 So.2d at 508; *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d 1383, 1386 (La.1993). If evidence is introduced at the hearing on the peremptory

5

> exception of prescription, the district court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. *Stobart v. State, Through DOTD*, 617 So.2d 880, 882 (La.1993). If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Id*. at 882-83.

*Id*. at 686.

Plaintiffs argue that their action is not prescribed for two reasons. First, Plaintiffs assert that Father Limoges was a caretaker and that La.Civ. Code art. 3469 applies such that prescription was suspended until the age of majority. Second, Plaintiffs assert that the doctrine of *contra non valentem* applies such that prescription was suspended because the cause of action was not reasonably knowable. We find both of these arguments to be without merit.

Louisiana Civil Code Article 3469 provides:

> Prescription is suspended as between: the spouses during marriage, parents and children during minority, tutors and minors during tutorship, and curators and interdicts during interdiction, and caretakers and minors during minority.

> A "caretaker" means a person legally obligated to provide or secure adequate care for a child, including a tutor, guardian, or legal custodian.

Plaintiffs rely on *Johnson v. The Roman Catholic Church for the Archdiocese of New Orleans*, 02-0429 (La.App. 1 Cir. 2/14/03), 844 So.2d 65, *writ denied*, 03-730 (La. 5/9/03), 843 So.2d 401, for the proposition that Father Limoges was a caretaker. However, Plaintiffs admit that there was no long-term spiritual relationship between the priest and the minors in this case.

The alleged abuse occurred in late 1981 when the boys stayed overnight with Father Limoges at the rectory. Louisiana Civil Code Article 3469 did not become effective until January 1, 1983. At the time the alleged abuse occurred, the applicable prescriptive period was one year and ran against all persons, including minors, unless

6

an exception was established by the legislature. *See* prior La.Civ. Code arts. 3536, 3537, and 3541.

"Prescription commences to run not necessarily on the date the injury occurs or the damage is sustained, but from the date the affected individual knows or should have known of the injury or damage sustained." *Doe v. Roman Catholic Church*, 94-1476, p. 8 (La.App. 3 Cir. 5/3/95), 656 So.2d 5, *writ denied*, 95-2076 (La. 11/13/95), 662 So.2d 478 (citations omitted). All of the deposition testimony is clear that Ms. Mitchell and Ms. Williams knew about the alleged abuse the day after it occurred. Thus, prescription began to run in 1981. The actions had already prescribed by the time La.Civ. Code art. 3469 became effective. Even if we agree with Plaintiffs that Father Limoges was a caretaker, the new prescriptive period supplied by La.Civ.Code art. 3469 cannot revive an action that had already prescribed under La.Civ.Code art. 3536. *Hall v. Hall*, 516 So.2d 119 (La.1987).

Plaintiffs further argue that prescription was suspended under the doctrine of *contra non valentem* because they were unable to discover the full extent of the molestation. The deposition testimony shows otherwise. Mr. Williams' deposition testimony establishes that he told both his mother, his Uncle Frank, and his Aunt Pauline (Ms. Mitchell) that the "night when we was sleeping, the priest made us feel on him and put our mouth on him and he done the same to me. And then he stopped and then went to sleep." Ms. Mitchell testified in deposition that her sister, Ms. Williams, told her that the priest had undressed in front of Frank, Jr. and made Frank, Jr. touch him. Thus, it is undisputed that the Plaintiffs knew of the alleged sexual abuse by the priest the day after it occurred. We do not find any reason that Plaintiffs were prevented from availing themselves of their cause of action and find that their allegations are insufficient to invoke the doctrine of *contra non valentem*.

7

*Motion to Recuse*

Plaintiffs also allege that the trial judge was not capable of conducting a fair and impartial hearing. Their motion to recuse was filed September 20, 2004, and judgment was signed August 20, 2004. Louisiana Code of Civil Procedure Article 154 provides:

> A party desiring to recuse a judge of a district court shall file a written motion therefor assigning the ground for recusation. This motion shall be filed prior to trial or hearing unless the party discovers the facts constituting the ground for recusation thereafter, in which event it shall be filed immediately after these facts are discovered, but prior to judgment. If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion to another judge or a judge ad hoc, as provided in Articles 155 and 156, for a hearing.

We find that this issue is not properly before us as Plaintiffs failed to comply with the proper procedure. *Love v. Baden*, 478 So.2d 1008 (La.App. 3 Cir. 1985).

*Amendment of Judgment*

Plaintiffs argue that the judgment did not comply with Rule 9.5 of the Rules of Court and that the judgment is incorrect in stating that it is based on "evidence and argument presented to the court by counsel in legal memoranda and during the proceeding." We find that the wording of the judgment is accurate and that the trial judge committed no error in denying the Plaintiffs' motion to amend the judgment.

**DECREE**

For the foregoing reasons, we find no error in the trial court's rulings and affirm the grant of Defendants' exception of prescription and the dismissal of Plaintiffs' suit with prejudice. All costs of this appeal are assessed to Plaintiffs-Appellants.

**AFFIRMED.**