926 So.2d 709 (2006)
Gary OREMAN
v.
Eleanor Deutsch OREMAN.
No. 05-CA-955.
Court of Appeal of Louisiana, Fifth Circuit.
March 31, 2006.
Rehearing Denied May 1, 2006.
*710 William H. Cook, Jr., Attorney at Law, New Orleans, Louisiana, for Plaintiff/Appellant.
David M. Prados, Robert C. Lowe, Attorney at Law, New Orleans, Louisiana, for Defendant/Appellee.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
In this domestic case, Eleanor Deutsch Oreman seeks to partition certain community property of her former spouse, Gary Oreman. From a judgment rendered by the trial court on April 18, 2005, Gary Oreman has filed this appeal and Eleanor Oreman has answered that appeal. For the reasons more fully discussed herein, we vacate the trial court's judgment and reinstate the court's original judgment.

FACTS AND PROCEDURAL HISTORY
The record in this case indicates that the parties obtained a judgment of divorce on July 2, 1996 and that they executed a consent judgment of partition of community property on September 30, 1996. Several years later, on June 14, 2004, Eleanor Oreman filed a Petition for Supplemental Partition of Unpartitioned Community Property seeking partition of the retirement/annuity plan of Gary Oreman. Gary Oreman answered this petition and also filed a reconventional demand against Eleanor Oreman on the basis that all community property had been previously partitioned by the 1996 consent judgment. This matter was tried on January 18, 2005, and both parties submitted post-trial memoranda.
The record before us contains two judgments on the issues presented at trial. The first judgment was rendered and signed on February 14, 2005, and is entitled "Court Order Acceptable for Processing." It provides in part:
IT IS ORDERED, ADJUDGED AND DECREED that Eleanor Deutsch Oreman, the Foremer Spouse of Gray Oreman, shall receive benefits from Gary Oreman's Civil Service Retirement System (CSRS) Benefits (sometimes referred to hereafter as the "Plan") in accordance with the term hereof ...

*711 * * *
JUDGMENT READ, RENDERED AND SIGNED, in Open Court, at Gretna, Louisiana, this 14 day of February, 2005.
This judgment provides that it was rendered in connection with and incidental to the parties' divorce and partition of their community property. The terms of this judgment state that Eleanor Oreman was to beginning receiving 45% of the monthly annuity received by Gary Oreman as retirement benefits with a provision for cost of living adjustments. The record does not show that notice of this judgment was given to the parties as required by La. C.C.P. art.1913.[1]
The second judgment was rendered and signed on April 18, 2005 and refers to the terms of a consent judgment entered into the parties on the same date.[2] The terms of the April judgment are similar to the February judgment in that it provides that it was rendered in connection with and incidental to the parties' divorce and partition of their community property. However, the terms of the second judgment differ considerably from the first judgment in that it states that Eleanor Oreman was to beginning receiving 50% of the monthly annuity received by Gary Oreman as retirement benefits with a provision for cost of living adjustments. In addition, this second judgment contains provisions which grant to Eleanor Oreman a survivor annuity, as well as life and health insurance benefits, none of which were contained in the first judgment.
Notice of the April 18, 2005 judgment was mailed to all parties on April 21, 2005, and on June 22, 2005 Gary Oreman filed a motion and order for devolutive appeal of this judgment. Eleanor subsequently filed an answer to the appeal seeking modification of the April 18, 2005 judgment.
In his brief filed in this Court, appellant makes reference to the existence of the two judgments which are contained in the record, but assumes that the trial court had the power on his own motion to grant a new trial and change the judgment. However, there is nothing in the record to indicate that the trial court moved for or granted a new trial as provided by La. C.C.P. art.1971.[3] Rather, the record shows that two judgments were rendered and signed in this case, and that the second judgment substantially changes the substance of the first judgment.

LAW AND DISCUSSION
A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final. La. C.C.P. art. 1841. A judgment that determines the merits in whole or in part is a final judgment. Id. Every final judgment shall be signed by the judge. La. C.C.P. art.1911. A final judgment shall be identified as such by appropriate language. La. C.C.P. art.1918.
La. C.C.P. art.1951 provides that a final judgment may be amended by the *712 trial court at any time, with or without notice, on its own motion or on motion of any party to alter the phraseology of the judgment, but not the substance; or to correct errors of calculation. The Louisiana Supreme Court has considered the effect of the rendering of two judgments in Bourgeois v. Kost, 02-2785 (La.5/20/03), 846 So.2d 692, 696, as follows:
It is well settled under our jurisprudence that a judgment which has been signed cannot be altered, amended, or revised by the judge who rendered the same, except in the manner provided by law. The trial judge cannot, on his own motion or on the motion of any party, change a judgment which has been so signed, notwithstanding it was signed in error. Without a specific statutory grant of authority, the trial court is limited to the general authorization for amending final judgments provided in La. C.C.P. art.1951. As stated above, this article limits the amendment of judgments to the correction of errors in calculation and alteration of phraseology, but does not authorize a trial court to make substantive amendments to final judgments. Courts have uniformly held substantive amendments to judgments made without recourse to the proper procedures, i.e. by way of a timely motion for a new trial or by appeal, to be absolute nullities.
See also, Madere v. St. John the Baptist, 04-1036 (La.App. 5 Cir. 3/1/05), 900 So.2d 73; Percle v. Morrow, 04-1076 (La.App. 5 Cir. 2/15/05), 897 So.2d 760.
Louisiana jurisprudence further provides that when a trial judge signs a judgment and then signs another, the second judgment is an absolute nullity and without legal effect. The usual remedy applied by an appellate court that finds an amendment made of substance in a judgment is to annul and set aside the amending judgment and reinstate the original judgment. Hebert v. Blue's Auto and Truck Parts, 00-2154 (La.App. 1 Cir. 12/28/01), 804 So.2d 953, 956, writ denied, 02-0272 (La.3/28/02), 812 So.2d 635; Magill v. State, Dept. of Public Safety and Corrections, 27,802 (La.App. 2 Cir. 1/24/96), 666 So.2d 1260, 1263; McGee v. Wilkinson, 03-1178 (La.App. 1 Cir. 4/2/04), 878 So.2d 552, 554; Alliance for Good Government, Inc. v. Jefferson Alliance for Good Government, Inc., 96-309, (La.App. 5 Cir. 10/16/96), 683 So.2d 836, 839.
In the present case, the first judgment dated February 14, 2005 was signed by the trial judge and appears in all respects to be a valid judgment of the court. Although notice was not sent to the parties, the judgment nevertheless remains a final judgment. The February 14, 2005 judgment was determinative of the rights of the parties and must be considered a final judgment. It is unclear from the record why the trial judge then signed a second judgment in this matter. The record does not contain a motion to alter the judgment either by the trial court or one of the parties.
Nevertheless, the second judgment signed on April 18, 2005 substantially differs from the first judgment in several respects, and the Code of Civil Procedure provides only a limited means of correcting errors of substance in a final judgment. Since this second judgment grants to plaintiff additional relief, we hold that it clearly alters the substance of the first judgment in violation of the prohibition contained in La. C.C.P. art.1951, and, absent any agreement to amend which is not present in this case, renders this second judgment null and void.
For the foregoing reasons, we hold the judgment dated April 18, 2005 is an improper substantive amendment to the original *713 judgment rendered and signed on February 14, 2005. The trial judge was without authority to substantively amend the original judgment, and the second judgment is therefore an absolute nullity. We will therefore not consider the merits of the arguments raised by this appeal. Rather, we vacate the April 18, 2005 judgment from which this appeal is taken, and we hereby reinstate the February 14, 2005 judgment as the final judgment of the trial court in this matter.[4] Costs of this appeal are to be divided equally between the parties.
VACATED AND JUDGMENT REINSTATED.
NOTES
[1] La. C.C.P. art. 1913(A) provides: Except as otherwise provided by law, notice of the signing of a final judgment, including a partial final judgment under Article 1915, is required in all contested cases, and shall be mailed by the clerk of court to the counsel of record for each party, and to each party not represented by counsel.
[2] We note that the record fails to contain any evidence of the existence of a consent judgment entered between the parties on this date.
[3] This article provides in part: "A new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues, or for reargument only."
[4] We note that as notice of this judgment was not mailed in accordance with La. C.C.P. art. 1913A, delays for applying for a motion for new trial have not commenced. See, La. C.C.P.art.1974.