NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**09-1209**

STANFORD H. MCNABB

VERSUS

THERESE HERRIG MCNABB

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF LAFAYETTE, NO. 2006-5227, DIV. H2
HONORABLE PHYLLIS M. KEATY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and J. David Painter, Judges.

**AFFIRMED.**

Thibodeaux, Chief Judge, concurs with written reasons.

**Andre Douget**
**1223 St. John Street**
**Lafayette, LA 70506**
**Counsel for Defendant-Appellee:**
    **Therese Herrig McNabb**

**Christine M. Mire**
**Cole J. Griffin**
**202 W. Main Street**
**Lafayette, LA 70501**
**Counsel for Plaintiff-Appellant:**
    **Stanford. H. McNabb**

**PAINTER, Judge.**

Plaintiff, Stanford H. McNabb, appeals the trial court's dismissal of his motion to annul a consent judgment rendered in his divorce proceedings. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a petition for divorce on October 4, 2006. Thereafter, the parties unsuccessfully attempted a reconciliation, and Plaintiff filed a second petition for divorce on August 17, 2007. The parties entered into two separate consent judgments, one on October 29, 2007, and one on November 14, 2007. Both consent judgments were signed on November 16, 2007. The November 14 consent judgment dealt with child support and interim spousal support. Specifically, the parties agreed that Plaintiff would pay $4,750.00 per month to Defendant beginning November 3, 2007. On June 14, 2008, Plaintiff filed a rule to annul the consent judgment entered into on November 14, 2007, on the grounds of fraud and ill practices. Plaintiff alleged that Defendant falsely represented that she had a $2,000.00 per month housing expense. That matter was heard on December 17, 2008, and, upon oral motion by defense counsel, the trial judge dismissed the nullity action filed by Plaintiff. A judgment of involuntary dismissal was not signed until April 2, 2009.

## DISCUSSION

Plaintiff first requests a de novo review based on the fact that the trial court judge recused herself by order dated September 14, 2009, upon Plaintiff's motion. We do not agree.

Louisiana Code of Civil Procedure Article 154 provides:

> A party desiring to recuse a judge of a district court shall file a written motion therefor assigning the ground for recusation. This motion shall be filed prior to trial or hearing unless the party discovers the facts constituting the ground for recusation thereafter, in which event it shall be filed immediately after these facts are discovered, but prior to judgment. If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion to another judge or a judge ad hoc, as provided in Articles 155 and 156, for a hearing.

1

The motion for recusal was not filed until August 18, 2009, some eight months after the involuntary dismissal was granted in open court and some four months after the judgment to that effect was signed. Even if Plaintiff's allegations are true, and even though the trial judge ultimately recused herself, the motion to recuse was not timely made, and we find that it has no bearing on this appeal. Thus, the standard of review is manifest error.

Plaintiff next argues that he was denied his right to a fair trial. He bases this argument on the fact that the trial court judge ultimately recused herself. No reasons for the recusal were given in the trial court's order of recusal. We do not find that Plaintiff's allegations of bias or prejudice have been substantiated. Plaintiff points to no specific place in the record and presents nothing other than his own conclusory statements to show bias on the part of the trial court judge. Thus, we find that this assignment of error is without merit.

Plaintiff also argues that he was deprived his right to present rebuttal evidence and that the trial court did not consider all of the evidence presented at trial. Plaintiff and Defendant were the only witnesses to testify. Plaintiff makes no assertion that he attempted to call any witness or submit any evidence that was refused by the trial court. Plaintiff did not proffer any evidence or testimony. He points to no place in the record that would support his argument. He alleges only that the trial court did not weigh all of the evidence in making her determination.

In *Salvant v. State*, 05-2126, p. 5 (La. 7/6/06), 935 So.2d 646, 650 (footnote omitted), the supreme court stated:

> Under the manifest error standard of review, a factual finding cannot be set aside unless the appellate court finds that it is manifestly erroneous or clearly wrong. *Smith v. Louisiana Dept. of Corrections*, 93-1305 (La.2/28/94), 633 So.2d 129, 132; *Stobart v. State through Dept. of Transp. and Development*, 617 So.2d 880, 882 (La.1993); *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989). In order to reverse a fact finder's determination of fact, an appellate court must review the record in its entirely [sic] and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. *Id*. The appellate court must not re-weigh the evidence or substitute its own factual findings because it would have decided the case differently. *Id*.; *Pinsonneault v. Merchants & Farmers Bank & Trust Co.*, 01-2217

2

(La.4/3/02), 816 So.2d 270, 278-79. Where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. *Id*. However, where documents or objective evidence so contradict the witness's story, the court of appeal may find manifest error or clear wrongness even in a finding purportedly based on a credibility determination. *Rosell, supra* at 844-45. But where such factors are not present, and a fact finder's finding is based on its decision to credit the testimony of one or two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. *Id*.

Again, Plaintiff points to no record citation to support these arguments. Thus, we find that these assignments of error lack merit.

Plaintiff next argues that the trial court erred in failing to find that he proved fraud or ill practices and that the trial court applied the wrong legal standard to evaluate his action for nullity.

> Fraud is a misrepresentation or a suppression of the truth made with the intent to obtain an unjust advantage for one party or to cause loss or inconvenience for the other party. Fraud may result from silence or inaction. LSA-C.C. art.1953. "Fraud does not vitiate consent when the party against whom the fraud was directed could have ascertained the truth without difficulty, inconvenience, or special skill." LSA-C.C. art.1954.

*Millet v. Millet*, 04-406, pp. 4-5 (La.App. 5 Cir. 10/26/04), 888 So.2d 291, 294.

Defendant contends that the $2,000.00 per month housing expense was an anticipated expense that she would have incurred if she were not awarded exclusive use and occupancy of the family home. Her brother did purchase a home at her request, and she moved into that home in late 2007 when she decided that she could not afford to stay in the family home. Plaintiff was afforded the opportunity to conduct discovery, and testimony concerning the purchase of the home by Defendant's brother was presented at the hearing now at issue. It is clear from the trial court's oral reasons for judgment, stated after the hearing, that she considered the testimony concerning the purchase of the home by Defendant's brother. The trial court stated that Plaintiff's own testimony convinced it that discovery was handled as fully as possible. We find no manifest error in the trial court's credibility determinations or findings of fact.

3

Finally, Plaintiff argues that the trial court erred when it assigned costs to him without notice and an opportunity to be heard. On April 2, 2009, when the trial court signed the judgment of involuntary dismissal of the nullity action, it added "court costs to be assessed against Stanford McNabb" in handwritten form to the typed judgment. Plaintiff argues that this is an improper alteration or amendment of the judgment.

Once a judgment has been signed, it cannot be altered, amended, or revised by the trial court, except in the manner provided by law. *Oreman v. Oreman*, 05-955 (La.App. 5 Cir. 3/31/06), 926 So.2d 709, *writ denied*, 06-1130 (La. 9/1/06), 936 So.2d 206 (quoting *Bourgeois v. Kost*, 02-2785, p. 7 (La. 5/20/03), 846 So.2d 692, 696). Louisiana Code of Civil Procedure article 1951 provides that the amendment of judgments by the trial court is limited to the correction of errors in calculation and alteration of phraseology and cannot alter the substance thereof. The reallocation of costs in a second amended judgment has been held to be an amendment of substance not one intended to correct an error of calculation. Therefore, such judgments are not authorized by La.Code Civ.P. art. 2088(10) and are void. *See State v. Star Enter.*, 95-2124 (La.App. 4 Cir. 8/7/96), 691 So.2d 1221, aff'd by *State v. BP Exploration & Oil, Inc.*, 96-0716 (La. 1/14/97), 686 So.2d 823.

However, we do not find that such is the case here. While the trial court's oral ruling is silent regarding costs, La.Code Civ.P. art. 1920 provides that "[u]nless the judgment provides otherwise, costs shall be paid by the party cast, and may be taxed by a rule to show cause." In this case, there are no expert fees. The only costs assessed are court costs. Had the judgment been silent as to costs, it is clear that they must be paid by the party cast in judgment. *Lewis v. Macke Bldg. Serv., Inc.*, 524 So.2d 16 (La.App. 5 Cir.), *writ denied* 532 So.2d 131 (La.1988). This is not a case where the trial court signed a second judgment determining costs or reallocating costs. Thus, we find that this assignment of error is also without merit.

4

**DECREE**

For all of the foregoing reasons, the judgment of the trial court dismissing Plaintiff's rule to annul the consent judgment entered into on November 14, 2007 is affirmed. Costs of this appeal are assessed against Plaintiff-Appellant, Stanford H. McNabb.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2-16.3.

STANFORD H. MCNABB

VERSUS

THERESE HERRIG MCNABB

**THIBODEAUX, Chief Judge, concurs.**

While the recusal issue is mentioned in this appeal, the record is bereft of any evidence of its relationship to the specific issues in this dispute. We are not aware of the contents of the motion to recuse nor does the record contain the Order of Recusal. I have my concerns, but the issue simply is not properly before us. *See Mitchell v. Limoges*, 05-832 (La.App. 3 Cir.), 923 So.2d 906, *writ denied*, 06-723, (La. 6/16/06); *Boone v. Reese*, 04-979 (La.App. 3 Cir. 12/8/04), 889 So.2d 435.