# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-258

**BRYAN ARNOLD RICHMAN, JR.**

**VERSUS**

**TRAVELERS INDEMNITY COMPANY, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2017-1756
HONORABLE BOBBY HOLMES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**LEDRICKA J. THIERRY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of D. Kent Savoie, Gary J. Ortego, and Ledricka J. Thierry, Judges.

**REVERSED.**

**Steven Broussard**
**Broussard Injury Lawyers**
**1301 Common Street**
**Lake Charles, LA 70601**
**(337) 439-2450**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Bryan Arnold Richman, Jr.**

**Sean M. Casey**
**Law Offices of Rebecca Goforth Bush**
**1 Sanctuary Blvd., Suite 202**
**Mandeville, LA 70471**
**(985) 727-5013**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Shannon T. Rhodus, Climax Portable Machine Tools, Inc., and**
    **Travelers Indemnity Company**

**David J. Calogero**
**David J. Calogero, APLC**
**202 Magnate Drive**
**Lafayette, LA 70508**
**(337) 298-0240**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Shannon T. Rhodus, Climax Portable Machine Tools, Inc., and**
    **Travelers Indemnity Company**

**THIERRY, Judge.**

**FACTS AND PROCEDURAL HISTORY**

In 2016, Plaintiff, Bryan Arnold Richman, Jr., was involved in a car accident in Gonzales, Louisiana, wherein he was rear-ended while stopped at a traffic light. Plaintiff suffered from two herniated cervical discs at levels C5-6 and C6-7. He underwent conservative treatment for two years, ultimately undergoing a two-level cervical disc replacement surgery in June 2018.

Plaintiff eventually filed suit against Defendants, Shannon Rhodus (the driver of the vehicle that rear-ended Plaintiff), Climax Portable Machine Tools, Inc. (Rhodus' employer), and The Travelers Indemnity Company (the insurer). Summary judgment was granted finding Rhodus solely liable for causing the accident.

The matter then went before a jury on the issue of damages. Following trial, the jury rendered a verdict awarding Plaintiff (1) Past Economic Damages (medical expenses) of $137,400; (2) Past Non-Economic Damages (physical pain and discomfort, loss of enjoyment of life, inconvenience and disruption, and mental and emotional distress) of $50,000; and (3) Future Non-Economic Damages (physical pain and discomfort, loss of enjoyment of life, inconvenience and disruption, and mental and emotional distress) of $200,000.

Plaintiff filed a Judgment Notwithstanding the Verdict (JNOV), arguing the jury's award of $50,000 for past non-economic damages was abusively low and inconsistent with the jury's finding that Plaintiff was entitled to the full cost of his medical expenses, including the two-level cervical disc surgery. Plaintiff also filed a Motion and Order to Tax Costs, seeking costs and expenses. The trial court rendered a judgment, granting Plaintiff's Motion for JNOV, and "increasing the

jury's award for past non-economic damages to the sum of $300,000 and awarding damages for loss of enjoyment of life in the amount of $100,000[.]" The trial court also rendered a "Judgment on Plaintiff's Motion to Tax Costs," awarding Plaintiff with the "full amount of the preparatory and trial related expenses as submitted totaling $55,155.47." That judgment was silent as to legal interest. Defendants appealed to this court.

This court affirmed the trial court's judgments, granting Plaintiff's motion for JNOV that increased the amount of general damages awarded and taxing $55,155.47 as costs against Defendants. *Richman v. Travelers Indem. Co., et al.*, 21-459 (La.App. 3 Cir. 6/8/22), 344 So.3d 77. Writs were taken to the Louisiana Supreme Court, which, in a per curiam opinion dated November 1, 2022, reinstated the jury verdict but affirmed in all other respects, including the portion of the judgment assessing costs of $55,155.47 against Defendants. *Richman v. Travelers Indem. Co., et al.*, 22-1059 (La. 11/1/22), 348 So.3d 1279. Thus, the supreme court's November 1, 2022 judgment was final as to costs.

It appears all the underlying judgments were paid; however, a dispute arose over the payment of interest on the cost award and whether interest should be calculated from date of judicial demand or from date of judgment. Thus, on July 21, 2023, Plaintiff filed a Motion for Fifth Supplemental and Amending Petition, seeking legal interest on the cost judgment.

On August 2, 2023, Plaintiff then filed a "Motion for Legal Interest With Incorporated Memorandum RE: Motion to Tax Costs," praying "for Costs and Interests on all damages awarded in the 4th Supplement [sic] and Amending Petition

and the pending 5th Supplemental and Amending Petition."[1] Plaintiff also specifically requested "all legal interest on the $55,155.47 award granted to Plaintiff in connection with Plaintiff's Motion to Tax Costs, from date of judicial demand until paid in full, with costs of these proceedings."

On September 11, 2023, Plaintiff filed a "First Supplemental and Amending Motion for Legal Interest with Costs, With Incorporated Memorandum RE: Motion to Tax Costs." This amended motion added a request for "all appellate costs incurred by Plaintiff." The costs sought were in the amount of $741.17.[2]

On September 27, 2023, the trial court granted, in open court, Plaintiff's motion to file Plaintiff's Fifth Supplemental and Amending Petition. On October 10, 2023, a judgment reflecting the September 27, 2023 open court ruling was signed. On November 21, 2023, a hearing was held, after which the trial court awarded Plaintiff interest on the original $55,155.47 cost judgment from date of judicial demand, appellate costs of $741.17 plus interest from date of judicial demand, and clerk costs of $2,298.35 plus interest from date of judicial demand. Defendants requested written reasons for the ruling. However, no written reasons were provided by the trial court.

---

[1] The Fourth Supplemental and Amending Petition was filed on March 12, 2019, well before the November 1, 2022 Louisiana Supreme Court judgment.

[2] The petition gave the following explanation for the $741.17 in appellate court costs Plaintiff claimed he was entitled:

> Defendants filed a Writ Application with Third Circuit. Costs of the appeal were assessed to Defendants by the Third Circuit. Defendants filed a Writ Application with the Louisiana Supreme Court. The Louisiana Supreme Court reversed the Third Circuit's ruling in part, then denied Defendant's Writ Application in all other areas. Defendants applied for an Application for Rehearing requesting appellate costs be assessed to Plaintiff, but the Louisiana Supreme Court denied this Application on April 17, 2023.

On December 14, 2023, Defendants filed for a devolutive appeal from the October 10, 2023 judgment, which permitted the filing of Plaintiff's Fifth Supplemental and Amending Petition. On January 2, 2024, Defendants filed for a suspensive appeal from the November 21, 2023 judgment that awarded Plaintiff interest on the original $55,155.47 cost judgment from date of judicial demand, appellate costs of $741.17 plus interest from date of judicial demand, and clerk costs of $2,298.35 plus interest from date of judicial demand. The appeals were granted, and Defendants assert the following assignments of error:

1. The Trial Court erred in permitting the filing of Plaintiff's Fifth Amended Petition;

2. The Trial Court erred in awarding judicial interest on court costs from the date of judicial demand;

3. The Trial Court erred in amending the final judgment for court costs.

## ANALYSIS

In Defendants' first assignment of error, they maintain no authority exists for amendment of the petition after final judgment. They note La.Code Civ.P. arts. 1151-56 provide for amendment of a petition, but in the context of an active lawsuit. Defendants argue the November 1, 2022 judgment from the Supreme Court "determined the merits in part, as to costs, and was final." By filing for the Fifth Supplemental and Amending Petition, Defendants argue Plaintiff sought to obtain an amended judgment for court costs. They note a judgment may be amended by the court only when it takes nothing away from or adds nothing to the original judgment. They cite the following language from *Suprun v. Louisiana Farm Bureau Mutual Insurance Co.*, 09-1555, p. 10-13 (La.App. 1 Cir. 4/30/10), 40 So.3d 261, 268-69:

4

A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final. LSA-C.C.P. art. 1841. A judgment that determines the merits in whole or in part is a final judgment. *Id*. A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party to alter the phraseology of the judgment, but not the substance, or to correct errors of calculation. LSA-C.C.P. art. 1951.

In other words, a judgment may be amended by the court where the resulting judgment takes nothing from or adds nothing to the original judgment. *Villaume v. Villaume*, 363 So.2d 448, 450 (La.1978). However, an amendment to a judgment which adds to, subtracts from, or in any way affects the substance of the judgment, is considered a substantive amendment. *Starnes v. Asplundh Tree Expert Company*, 94-1647 (La.App. 1st Cir.10/6/95), 670 So.2d 1242, 1246. Substantive amendments to judgments can be made only after a party has successfully litigated a timely application for new trial, an action for nullity, or a timely appeal. *Creel v. Bogalusa Community Medical Center*, 580 So.2d 551, 552 (La.App. 1st Cir.), *writ denied*, 585 So.2d 567 (La.1991). In *Villaume*, the Louisiana Supreme Court recognized that substantive amendments can also be made, on the trial court's own motion, with the consent of the parties. *Frisard v. Autin*, 98-2637 (La.App. 1st Cir.12/28/99), 747 So.2d 813, 818, *writ denied*, 00-0126 (La.3/17/00), 756 So.2d 1145.

The judgment rendered after the trial of this matter provided for "interest from the date of judicial demand until October 30, 2006." That judgment was affirmed by this court and became final. See *Suprun*, 08-0241 (unpublished opinion); LSA-C.C.P. art. 2166. Thus, Farm Bureau argues that a subsequent amendment of that judgment to order payment of judicial interest from "the date of judicial demand until ... paid" was in error.

The trial court's amendment increased the amount of legal interest that Suprun was entitled to recover from Farm Bureau. An amendment to a final judgment to add interest is a substantive change which is not permitted under LSA-C.C.P. art. 1951, despite the fact that an award of legal interest in tort cases is not discretionary with the court since interest attaches automatically until judgment is paid. See LSA-C.C.P. art. 1921; LSA-R.S. 13:4203; *O'Brien v. Hoff*, 08-520 (La.App. 5th Cir.3/24/09), 10 So.3d 802, 805; *Odom v. City of Lake Charles*, 00-1050 (La.App. 3rd Cir.1/31/01), 790 So.2d 51, 63, *writ denied*, 01-1198 (La.6/22/01), 794 So.2d 787; see also *Mack v. Wiley*, 07-2344 (La.App. 1st Cir.5/2/08), 991 So.2d 479, 486, *writ denied*, 08-1181 (La.9/19/08), 992 So.2d 932 (holding that an amendment of a final judgment to assess costs is an impermissible substantive change); *Oreman v. Oreman*, 05-955 (La.App. 5th Cir.3/31/06), 926 So.2d 709, 712, *writ denied*, 06-1130 (La.9/1/06), 936 So.2d 206; *Louisiana Power & Light Co. v.*

*Parish School Bd. of Parish of St. Charles*, 93-249 (La.App. 5th Cir.2/11/94), 639 So.2d 760, 763, *writ denied*, 94-604 (La.4/22/94), 640 So.2d 1317 (finding that an award of legal interest would result in a substantive amendment of a final judgment, contrary to law). It is clear from a reading of the two judgments in this case that the March 5, 2009 judgment contains a substantive change in the assessment of judicial interest. This substantive alteration is in violation of the prohibition contained in LSA-C.C.P. art. 1951.

A judgment that has been signed cannot be altered, amended, or revised by the judge who rendered the same, except in the manner provided by law. *Bourgeois v. Kost*, 02-2785 (La.5/20/03), 846 So.2d 692, 696. The trial judge cannot, on his own motion or on the motion of any party, change a judgment which has been so signed, notwithstanding it was signed in error. *Id.* Without a specific statutory grant of authority, the trial court is limited to the general authorization for amending final judgments provided in LSA-C.C.P. art. 1951. As stated above, this Article limits the amendment of judgments to the correction of errors in calculation and alteration of phraseology. It does not authorize a trial court to make substantive amendments to final judgments. Substantive amendments to judgments made without recourse to the proper procedures, i.e., by way of a timely motion for a new trial or by appeal, are absolute nullities. See *Bourgeois*, 846 So.2d at 696.

*Suprun* makes it clear that substantive amendments to judgments can be made "only after a party has successfully litigated a timely application for new trial, an action for nullity, or a timely appeal." *Id.* at 268. The record establishes that the period in which to file a motion for new trial had run by the time both the Fifth Supplemental and Amended Petition and the "Motion for Legal Interest With Incorporated Memorandum RE: Motion to Tax Costs" were filed. Similarly, no action for nullity was filed. There was a timely appeal filed from the original December 16, 2019 motion to tax costs; however, Plaintiff did not raise legal interest as an issue in that appeal. That appeal was the proper time for Plaintiff to raise the interest issue, and *Suprun* makes it clear that it is too late to do so now. Therefore, the trial court's October 10, 2023 judgment which permitted the filing of Plaintiff's Fifth Supplemental and Amending Petition is reversed.

6

In their third assignment of error, Defendants maintain the "increase of plaintiff's cost award by $2,298.35 is a substantive amendment and is, therefore, an absolute nullity." We agree.

As stated above, a judgment was rendered on the Motion to Tax Costs that was filed by Plaintiff on December 16, 2019. In the first supplemental motion for legal interest, Plaintiff argues that the original Motion to Tax Costs only addressed trial preparation and related costs and did not include the regular court costs incurred by Plaintiff from the filing of the petition through dismissal. It would be due to Plaintiff's error that all of the costs requested and associated with the case were not included in the original Motion to Tax Costs. In addition to being awarded in an absolutely null judgment, the additional costs of $2,298.35 were incurred in pursuit of judgments due to the mistakes of Plaintiff. Therefore, the judgment awarding Plaintiff $2,298.35 in additional court costs is reversed.

Similarly, we find the $741.17 award of appellate costs was also improper. The record establishes, following the issuance of the Supreme Court's *per curiam* opinion on November 1, 2022, Defendants filed for rehearing wherein they requested appellate costs be assessed to Plaintiff. Although the request was denied, that was the appropriate procedure for such a request. Plaintiff then asked the trial court to assess these same appellate costs to Defendants. The trial court granted that request. However, Louisiana Code of Civil Procedure Article 2164 grants appellate courts the authority to "tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable." While the trial court does have the discretion to tax costs under La.Code Civ.P. art. 2088(A)(10), this does not include appellate costs. Therefore, the trial court's

7

judgment awarding Plaintiff appellate costs of $741.17 plus interest from date of judicial demand is reversed.

Finally, in their second assignment of error, Defendants contend the trial court erred in awarding judicial interest from the date of judicial demand. Having found that the awards for appellate costs and clerk costs in the November 21, 2023 judgment were improper, there is no longer any question of interest. As to the portion of the judgment that awarded Plaintiff interest from date of judicial demand on the original $55,155.47 cost judgment, we find this too must be reversed. The judgment was silent as to interest, and we cannot now make a substantive amendment to the judgment to add interest. Costs, unlike compensatory damages, are not listed as an item of damages in a tort case. "An amendment to a final judgment to add interest is a substantive change which is not permitted under [La.Code Civ.P.] art. 1951, despite the fact that an award of legal interest in tort cases is not discretionary with the court since interest attaches automatically until judgment is paid." *Suprun*, 40 So.3d at 271. Therefore, we do not need to determine whether it runs from date of judicial demand or the date of judgment.

## DECREE

For the foregoing reasons, the October 10, 2023 judgment which permitted the filing of Plaintiff's Fifth Supplemental and Amending Petition is reversed. The November 21, 2023 judgment that awarded Plaintiff interest on the original $55,155.47 cost judgment from date of judicial demand, appellate costs of $741.17 plus interest from date of judicial demand, and clerk costs of $2,298.35 plus interest from date of judicial demand is reversed. Costs of this appeal are assessed against Plaintiff, Bryan Arnold Richman, Jr.

**REVERSED.**

8