846 So.2d 692 (2003)
Joy Michelle BOURGEOIS, Individually and on Behalf of Her Minor Son, Mickey G. Bourgeois, Jr., and Mickey G. Bourgeois, Sr.
v.
Mark KOST and Allstate Insurance Company.
No. 2002-C-2785.
Supreme Court of Louisiana.
May 20, 2003.
Scott Allan Kryder, River Ridge, for Applicant.
Raymond S. Steib, Jr., Gretna, for Respondent.
KIMBALL, Justice.
We granted certiorari in this case to determine whether the trial court had authority to vacate a judgment it issued allegedly in error and to issue a new judgment to reflect the trial court's true intent. Additionally, we granted certiorari to consider whether the court of appeal was correct in the application of this court's analysis in the case of State v. Williams 01-554 (La.5/14/02), 817 So.2d 40, to determine that the trial court had authority to replace its original judgment with a second judgment. For the following reasons, we conclude that the analysis employed in State v. Williams does not apply in this case and thus, the trial court lacked authority to vacate its final judgment. In *693 addition, we find that because the original judgment was a valid final judgment, the trial court's subsequent amendment of the judgment alleged to contain the court's intended disposition is an absolute nullity. Accordingly, we reverse the trial court's order vacating its original judgment, set aside the amended judgment, and reinstate the original judgment signed by the trial judge as the trial court's final judgment.

FACTS AND PROCEDURAL HISTORY
This matter involves a personal injury suit arising out of an automobile accident. A trial on the merits took place in October 2001. At the conclusion of the trial, the judge advised counsel for both parties to submit a proposed judgment with their post-trial memoranda. Plaintiffs filed a post-trial memorandum on October 31, 2001 and defendants filed a post-trial memorandum on November 2, 2001. On November 6, 2001, the trial court signed a document entitled "Defendants' Proposed Final Judgment," that dismissed the plaintiffs' claims. The clerk of court issued notice of judgment to both parties on November 29, 2001.
On January 15, 2002, the court signed a second judgment, in which it ruled in favor of plaintiffs and awarded them damages in the amount of $34,073.19. That judgment was accompanied by written Reasons for Judgment. Then, on January 18, 2002, the court issued an order stating it had inadvertently signed defendants' proposed judgment. Accordingly, the order vacated the judgment of November 6, 2001 [`original judgment'] and replaced it with the judgment signed on January 15, 2002 [`amended judgment']. The trial court further stated:
This matter came to trial on October 24, 2001 and was taken under advisement. Counsel for plaintiffs and defendants were directed to submit post-trial memorandums, along with a proposed judgment in support of their respective positions.
On November 6, 2001, this Court inadvertently and erroneously signed a proposed judgment dismissing all claims against the defendants. That proposed judgment signed on November 6, 2001 is hereby vacated, and the Court's final judgment and reasons are hereby attached and made a part of the record.
Defendants filed a motion for appeal from the judgment of January 15, 2002. On appeal, defendants contended the trial court erred when it issued the judgments of January 15, 2002 (amended judgment) and January 18, 2002 (order vacating the original judgment and replacing it with the amended judgment), because they substantively changed the judgment of November 6, 2001. Defendants further contended that the trial court had no authority to issue, on its own motion, an order vacating a judgment that had been signed over two months earlier and replace it with another judgment. Defendants asserted that an initial judgment that has not been contested either by motion for new trial or for appeal must be the valid final judgment of the court.
The plaintiffs, however, argued that a proposed judgment signed in error is not a valid final judgment of the court. Plaintiffs alleged that the defendants' proposed judgment confused the court because it was stamped by the court clerk with the "costs paid" stamp, indicating that all costs incurred in the matter had been paid. Furthermore, the proposed judgment with the "costs paid" stamp was forwarded to the judge separately, detached from the memorandum to which the proposed judgment should have been attached. Plaintiffs contended that the defendants' proposed final judgment signed by the trial court was a relative nullity because defendants' *694 submission of their proposed final judgment to the trial judge bearing a "costs paid" stamp was an improper practice or procedure that mislead the court and operated to deprive plaintiffs of their right to have their case decided by the court and not by the inadvertent signing of a proposed judgment submitted by defendant. Plaintiffs asserted a district court may set aside and vacate any order when the circumstances under which it was rendered show deprivation of legal rights of any of the litigants. Plaintiffs also assert that the court has the right to correct its own ministerial error so that the record will reflect that which had been intended.
Plaintiffs admitted receiving a copy of the November 6, 2001 judgment. At oral argument before the court of appeal, plaintiffs' counsel explained that he did not file a motion for new trial because he thought the November 6, 2001 judgment was the court's ruling and a motion for new trial would have been fruitless. Plaintiffs' counsel noted that the plaintiffs had until February 8, 2002 to appeal and stated that an appeal was being contemplated. The plaintiffs maintained that after the court issued the January 15, 2002 judgment and reasons for judgment, it was called to the court's attention that a proposed judgment had been signed. In the January 18, 2002 ruling, on its own motion, the trial court set aside the November 6, 2001 judgment and replaced it with the January 15, 2002 judgment.
The court of appeal affirmed the January 15 and 18, 2002 judgments of the trial court. Finding that the November 6, 2001 judgment did not express the intention of the court and was signed inadvertently and in error, the court of appeal concluded that the reasoning of State v. Williams, 01-554 (La.5/14/02), 817 So.2d 40, applied. In Williams, the trial court inadvertently signed a motion for new trial that was later discovered when the appellate court found the signed order in the record on appeal. The trial court subsequently issued an order stating the motion for new trial was filed in error and denying the motion. This Court held that "a trial judge can correct an obvious ministerial error in order to have the record accurately reflect the proceedings in the district court." 01-554 at p. 12, 817 So.2d at 47-8.
The defendants sought review in this Court asserting that the court of appeal erred in applying the Williams case to the facts of this case and by ignoring a long line of jurisprudence that clearly holds that substantive changes to a judgment would not be proper in this case. We granted certiorari to review the correctness of these rulings. Bourgeois v. Kost, 2002-2785 (La.1/31/03), 836 So.2d 74.

DISCUSSION
A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final. La. C.C.P. art. 1841. A judgment that determines the merits in whole or in part is a final judgment. Id. Every final judgment shall be signed by the judge. La. C.C.P. art.1911. A final judgment shall be identified as such by appropriate language. La. C.C.P. art.1918.
Here, the original November 6, 2001 judgment was signed by the trial judge and appeared in all respects to be a valid judgment of the court. Furthermore, although the judgment was entitled "Defendants' Proposed Final Judgment," the defendants suggested at oral argument that it was not an unusual practice in that jurisdiction for a trial court to convert a proposed judgment submitted by one of the parties to its own. Thus, the November 6, 2001 judgment was determinative of the rights of the parties and was properly *695 designated as a final judgment for purposes of La. C.C.P. art.1918.
Article 1951 of the Louisiana Code of Civil Procedure provides:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
Article 1951 contemplates the correction of a "clerical error" in a final judgment, but does not authorize substantive amendments. Thus, the judgment may be amended by the court where the amendment takes nothing from or adds nothing to the original judgment. Villaume v. Villaume, 363 So.2d 448 (La.1978). The proper recourse for an error of substance within a judgment is a timely application for new trial or a timely appeal. LaBove v. Theriot, 597 So.2d 1007, 1010 (La.1992); Hebert v. Hebert, 351 So.2d 1199 (La.1977).
In State v. Williams, XXXX-XXXX (La.5/14/02), 817 So.2d 40, this court was presented with a situation where the trial court inadvertently signed an order granting a motion for new trial. In that case, all the evidence indicated that the trial judge never intended to grant a new trial and the signing of the order was clearly a "ministerial error." In Williams, we held that while the trial court is not authorized to reconsider the merits of a previously granted motion for new trial after a considered decision has been made, the trial court does have authority to correct a ministerial error in order to have the record accurately reflect the proceedings in the district court. Williams, 817 So.2d at 48.
The Williams case, however, is distinguishable from the matter currently before this court. The Williams decision was based on Article 916(2) of the Code of Criminal Procedure, which provides in pertinent part:
The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction to take any action except as otherwise provided by law and to:
. . . .
(2)Correct an error or deficiency in the record.
Thus, the Code of Criminal Procedure specifically provides that a trial court retains jurisdiction once the order of appeal has been entered to correct an error or deficiency in the record. The Code of Civil Procedure does have a similar provision conferring authority on a trial court to correct any misstatement, irregularity, informality, or omission of a material part of the trial record, after the jurisdiction of the appellate court attaches. La. C.C.P. arts. 2088 & 2132.[1] In the present case, *696 an order of appeal was never granted for the original November 6, 2001 judgment. Furthermore, the trial court did not render an oral judgment at the trial, but instead took the matter under advisement. Nothing occurred in the trial proceedings that could have been misstated or omitted in the record. Hence, the trial judge's amended judgment could not have been the correction of a ministerial error in order to have the record accurately reflect the trial proceedings. La. C.C.P. arts. 2088 & 2132 do not apply to the facts of this case. Because these civil procedure articles are inapplicable and because the facts of the Williams case and the current case are dissimilar, the reasoning of the Williams decision cannot be utilized in the present matter.
It is well settled under our jurisprudence that a judgment which has been signed cannot be altered, amended, or revised by the judge who rendered the same, except in the manner provided by law. The trial judge cannot, on his own motion or on the motion of any party, change a judgment which has been so signed, notwithstanding it was signed in error. State ex rel. Vignes v. Judge Civil District Court, 10 So. 294, 43 La.Ann. 1169 (La.1891); Villaume, 363 So.2d at 450-51. Without a specific statutory grant of authority, the trial court is limited to the general authorization for amending final judgments provided in Code of Civil Procedure Article 1951. As stated above, Article 1951 limits the amendment of judgments to the correction of errors in calculation and alteration of phraseology, but does not authorize a trial court to make substantive amendments to final judgments. Courts have uniformly held substantive amendments to judgments made without recourse to the proper procedures, i.e. by way of a timely motion for a new trial or by appeal, to be absolute nullities. LaBove, 597 So.2d at 1010.
In the instant case before us, the November 6, 2001 judgment was signed by the trial court and the clerk of court sent notice to both of the parties. Thus, the judgment of November 6, 2001 constituted a final judgment of the trial court. It is very unfortunate that the trial judge erroneously signed a judgment that did not reflect his intended disposition in the matter. However, the Code of Civil Procedure provides only a limited means of correcting errors of substance in a final judgment.
A trial court lacks authority to make any modifications of substance to a final judgment. The trial court had no authority to vacate the November 6, 2001 judgment, nor to amend the original judgment of court by issuing the January 15, 2002 judgment. Consequently, the January 15, 2002 amended judgment is an absolute nullity. Accordingly, the original November 6, 2001 judgment constitutes the trial court's final judgment in this matter.
Accordingly, we vacate the January 18, 2002 order of the trial court setting aside the November 6, 2001 judgment and replacing it with the January 15, 2002 amended judgment. We find the trial court was without authority to amend the original judgment and thus, the amended judgment is an absolute nullity.
For the reasons assigned, it is ordered that the original November 6, 2001 judgment be reinstated as the final judgment of the trial court in this matter.
REVERSED AND REINSTATED.
JOHNSON, J., dissents and assigns reasons.
*697 JOHNSON, J., dissenting.
The majority allows that it is very unfortunate that the trial judge erroneously signed "Defendant's Proposed Final Judgment," but that nevertheless, the judgment may not be recalled or rescinded as one signed inadvertently and in error. Having served as a trial judge for 10 years on a high volume court (Civil District Court, Orleans), I know how easy it is to sign a document in error, particularly when it is presented as this one was.
All parties agree that the trial judge took the case under advisement at the conclusion of the trial and requested post-trial memoranda and proposed judgments from each side. These documents should have been submitted to the judge's chambers. Instead, a detached proposed judgment, with the cost paid stamp affixed by the Clerk's Office, was presented for signing. The cost paid stamp suggested that a matter has been concluded and all costs of the litigation have been paid. A judge presented such a document is lulled into believing that affixing his/her signature is merely a ministerial duty, which could be performed by any of his/her colleagues on his/her behalf (a Duty Judge, if you will).
This was not presented as a considered decision of the court. Justice would require that the judge be allowed to recall such a document where the court was clearly mislead, and the judgment was signed inadvertently and in error.
NOTES
[1] LA. C.C.P. art. 2088 in pertinent part:

The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to:
. . . .
(4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132;
La. C.C.P. art. 2132:
A record on appeal which is incorrect or contains misstatements, irregularities or informalities, or which omits a material part of the trial record, may be corrected even after the record is transmitted to the appellate court, by the parties by stipulation, by the trial court or by the order of the appellate court. All other questions as to the content and form of the record shall be presented to the appellate court.