ANNE SAVAGE, WIFE OF/AND ANTHONY SAVAGE, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR SON, DEVIN OWEN SAVAGE
v.
BETTY LEBLANC, WIFE OF/AND STANLEY LEBLANC, INDIVIDUALLY AND AS THE PARENTS OF STANLEY J. LEBLANC, III, J. PALMER, INDIVIDUALLY AND AS THE PARENT OF TYLER PALMER, DONNA BRUNO, INDIVIDUALLY AND AS THE CUSTODIAL PARENT OF TYLER L. ROBINSON, AND J. BARKMEYER, INDIVIDUALLY AND AS THE PARENT OF JESSIE BARKMEYER
2007 CA 1059.
Court of Appeal of Louisiana, First Circuit.
February 20, 2008.
Not Designated for Publication
JACQUES F. BEZOU, Covington, Louisiana, Counsel for Plaintiffs/Appellees Anne Savage, wife of/and Anthony Savage individually and on behalf of their minor son, Devin Owen Savage.
CRAIG P. HART, RAYMOND BURKART, III, Covington, Louisiana, Counsel for Defendants/Appellants Betty LeBlanc, wife of/and Stanley LeBlanc individually and as the parents of Stanley J. LeBlanc, III.
ROBERT M. JOHNSTON, DONALD R. KLOTZ, Jr., New Orleans, Louisiana, Counsel for Defendant/Appellee Liberty Mutual Insurance Company.
Before: PARRO, KUHN and DOWNING, JJ.
KUHN, J.
A show cause rule was issued by this court to determine the timeliness of this appeal, which rule we now consider. The defendants-appellants, Betty and Stanley LeBlanc ("the LeBlancs"), filed this appeal after the trial court signed two judgments that each granted a motion for summary judgment filed by defendant, Liberty Mutual Insurance Company ("Liberty Mutual"). The original judgment dismissed the plaintiffs' suit against Liberty Mutual and the LeBlancs. The second judgment ordered an amendment of the original judgment to delete the portion of the original judgment that dismissed the plaintiffs' suit against the LeBlancs. Finding the latter judgment to be null, we vacate it and reinstate the original judgment. Accordingly, we grant the rule to show cause and dismiss this appeal.

I. FACTUAL AND PROCEDURAL BACKGROUND
Plaintiffs, Anne Savage and her husband, Anthony Savage, filed suit individually and on behalf of their minor son, Devin Savage, seeking to recover damages for injuries that Devin sustained during an altercation with other minor children. The defendants included, among others, the LeBlancs, individually and as the parents of their minor child, Stanley J. "Joey" LeBlanc, III, and Liberty Mutual, which had allegedly issued a policy that afforded homeowners and liability insurance to the LeBlancs.
Thereafter, the trial court granted Liberty Mutual's motion for summary judgment in an October 25, 2006 judgment. This judgment dismissed "the suit of Anne Savage, wife of/and Anthony Savage, individually and on behalf of their minor son, Devin Owen Savage, against Betty LeBlanc, wife of/and Stanley LeBlanc, individually and as parents of Stanley J. LeBlanc, III, and [Liberty Mutual] with prejudice." On October 27, 2006, the clerk of court for the district court mailed a notice of judgment and a certified copy of the October 25, 2006 judgment to counsel of record for the Savages, the LeBlancs, and Liberty Mutual. None of the parties appealed the October 25, 2006 judgment.
On February 6, 2007, the trial court signed an amended judgment regarding Liberty Mutual's earlier motion for summary judgment, and that judgment stated:
[D]ue to clerical error, the [October 25, 2006 Judgment] also dismissed the suit of plaintiffs, Anne Savage ... and Anthony Savage, individually and on behalf of their minor son, Devin Owen Savage against Betty LeBlanc ... and Stanley LeBlanc, individually and as the parents of Stanley J. LeBlanc, III. Accordingly, the Court renders this Amended Judgment as follows:
. . .
IT IS ORDERED, that the Motion for Summary Judgment of Liberty Mutual ... is granted, dismissing the suit against Liberty Mutual ... by Anne Savage ... and Anthony Savage, individually and on behalf of their minor son, Devin Owen Savage, and the Judgment dated October 25, 2006 is amended to delete that portion of the judgment that dismissed the suit of Anne Savage ... and Anthony Savage, individually and on behalf of their minor son, Devin Owen Savage against Betty LeBlanc ... and Stanley LeBlanc, individually and as parents of Stanley J. LeBlanc, III.
On March 16, 2007, the LeBlancs devolutively appealed the February 6, 2007 judgment. On June 8, 2007, this court ordered the parties to show cause, by briefs, on or before June 25, 2007, addressing: 1) whether the February 6, 2007 judgment was a proper amendment to the October 25, 2006 judgment pursuant to La. C.C.P. art. 1951; and/or 2) why the appeal should or should not be dismissed as untimely. Liberty Mutual and the LeBlancs responded to this court's order, asserting that the February 6, 2007 amended judgment is an absolute nullity and that the October 25, 2006 judgment is a final judgment since the appeal delays lapsed before the LeBlancs filed their petition for a devolutive appeal.
As a reviewing court, we are obligated to recognize our lack of jurisdiction if it exists. Accordingly, we address the validity and legal effect, if any, of the February 6, 2007 amended judgment, as our decision on that issue affects our jurisdiction to entertain this appeal.

II. ANALYSIS
Louisiana Code of Civil Procedure article 1951 provides:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
Article 1951 contemplates the correction of a "clerical error" in a final judgment, but does not authorize substantive amendments. Bourgeois v. Kost, 02-2785, p. 5 (La. 5/20/03), 846 So.2d 692, 695. Thus, a judgment may be amended by the court only when the amendment takes nothing from or adds nothing to the original judgment. Id. An amendment to a judgment which adds to, subtracts from, or in any way affects the substance of the judgment is considered a substantive amendment. Frisard v. Autin, 98-2637 (La. App. 1st Cir. 12/28/99), 747 So.2d 813, 818, writ denied, 00-0126 (La. 3/17/00), 756 So.2d 1145. Changing the name of a party cast in judgment is a substantive change. Fagan v. LeBlanc, 05-1845, p. 10 (La. App. 1st Cir. 2/10/06), 928 So.2d 576, 584.
Once the October 25, 2006 judgment was signed, it could be affected substantively only by a new trial, La. C.C.P. art. 1971 et seq., an action for nullity, La. C.C.P. art. 2001 et seq., or a timely appeal.[1]Bourgeois v. Kost, 02-2785 at p. 5; 846 So.2d at 695; Wooley v. AmCare Health Plans, 06-1146, p. 16 (La. App. 1st Cir. 1/17/07), 952 So.2d 720, 730.[2] The record does not establish that any of these events occurred.
Substantive amendments to judgments made without recourse to the proper procedures are absolute nullities. Wooley v. AmCare Health Plans, 06-1146 at p. 16, 952 So.2d at 730. Because the original judgment was not properly altered, amended, or revised by a new trial or an action of nullity in the trial court, and because the February 6, 2007 judgment substantively amended the original judgment, we find that the February 6, 2007 judgment is an absolute nullity. See La. C.C.P. art. 2002. There is no valid basis for an appeal of an absolutely null judgment, and we lack jurisdiction to review it. See Starnes v. Asplundh Tree Expert Co., 94-1647, p. 6 (La. App. 1st Cir. 10/6/95), 670 So.2d 1242, 1246. Thus, we lack jurisdiction to entertain the LeBlancs' appeal of the February 6, 2007 judgment. Accordingly, we vacate the February 6, 2007 judgment and reinstate the October 25, 2006 judgment. See Bourgeois v. Kost, 02-2785 at p. 8, 846 So.2d at 696.
Otherwise, the original judgment could be affected substantively only by a timely appeal. See Bourgeois v. Kost, 02-2785 at pp. 7-8, 846 So.2d at 696. It is undisputed that none of the parties have appealed the original judgment of October 25, 2006.

III. CONCLUSION
For these reasons, the rule to show cause is granted. The trial court's February 6, 2007 judgment is vacated, the trial court's October 25, 2006 judgment is reinstated, and this appeal is hereby dismissed. Appeal costs are assessed against Betty and Stanley LeBlanc.
RULE TO SHOW CAUSE GRANTED; JUDGMENT VACATED; ORIGINAL JUDGMENT REINSTATED; APPEAL DISMISSED.
NOTES
[1] For example, to challenge the LeBlancs' dismissal from the suit based on an improper procedure, the plaintiffs could have asserted a motion for new trial or can bring an action for nullity, challenging the validity of the October 25, 2006 judgment. La. C.C.P. arts. 2002 and 2004.
[2] Where the parties have consented to the substantive amendment of the original judgment, our courts have recognized there is no need for a timely application for a new trial or a timely appeal to effect a substantive change in the judgment. Villaume v. Villaume, 363 So.2d 448, 451 (La. 1978). The record before us does not indicate that the parties consented to the February 6, 2007 amended judgment.