McDONALD, J.,
agreeing in part and concurring in part.
hi agree with the majority on the issue of the offer of judgment. However, I only agree on the result reached by the majority on the issue of the invalidity of the portion of the March 5, 2009 judgment. I do not believe it is necessary to address the issue of a substantive change as provided in LSA-C.C.P. art. 1951 because LSA-C.C.P. art. 2005 is dispositive of the issue in this matter.
Article 2005 provides:
A judgment may be annulled prior to or pending an appeal therefrom, or after the delays for appealing have elapsed.
A judgment affirmed, reversed, amended, or otherwise rendered by an appellate court may be annulled only when the ground for nullity did not appear in the record of appeal or was not considered by the appellate court. (Emphasis added).
An action of nullity does not affect the right to appeal.
The first paragraph of Article 2005 codifies an exception to the general rule, under La. C.C.P. art. 2088, that a trial court is divested of jurisdiction when an appeal is filed. New Orleans Redevelopment Authority v. Lucas, 02-2344 (La.App. 4 Cir. 8/25/04), 881 So.2d 1246, 1252, writ denied, 04-2755 (La.1/28/05), 893 So.2d 75. It authorizes a litigant to seek direct relief in the trial court to annul a judgment before or pending an appeal, or after the delays for appealing have elapsed.
In the case before us the February 1, 2007 judgment was appealed and affirmed by this court. The judgment clearly stated that interest was due “from date of judicial demand until October 30, 2006.” As noted by the majority, this portion of the judgment was not challenged on appeal. Even so, it was in the record and the other portions of the judgment were appealed. Thus, the ground for |2a nullity was in the record and Article 2005 seems to prohibit adjudication of an action for nullity. I agree with the majority, however, that this error of law in the judgment is not a ground for an action of nullity. Thus, even if the issue could be considered in this appeal, it would not nullify the judgment.
I also take issue with the analysis of the article 1951 issue. The majority refers to the substantive change in the March 5, 2009 judgment as an “absolute” nullity. While I agree that under the facts of this *272 case it is a nullity, I object to the term “absolute” and find no statutory authority for this designation.
I have reviewed a substantial body of jurisprudence wherein the use of the term “absolutely null” was used in describing a judgment found to be null, because it substantively altered a prior judgment without following the “proper procedure.”
Louisiana Code of Civil Procedure article 1951 provides:
A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party:
(1) To alter the phraseology of the judgment, but not the substance; or
(2) To correct errors of calculation.
This procedural article specifies that a trial court may alter the phraseology, but not the substance, or correct errors of calculation in a judgment at any time, with or without notice, on its own motion or on motion of any party. The article does not address what procedures are necessary to make a substantive change to a judgment, nor that a substantive amendment to a judgment renders the judgment a nullity.
It is well-established in the jurisprudence that judgments that add to or subtract from a judgment are substantive amendments that cannot be made without following the “proper procedure.” However, the proper procedure for a trial court to correct its own error has not been definitely established. In Lousteau v. K-Mart Corp., 03-1182 (La.App. 5 Cir. 3/30/04), 871 So.2d 618, 620 unit denied, 04-1027 (La.6/25/04), 876 So.2d 835, reconsideration denied, 04-1027 (La.9/03/04), 882 | :i So.2d 593 this issue was considered by our wise brethren on the Fifth Circuit Court of Appeal. I find their discussion informative:
Initially, K-Mart urges that the court erred in vacating the December judgment, correctly urging that amendment or revision of a judgment is limited to correcting errors of calculation or phraseology. La. C.C.P. art. 1951. We are referred to a case in which our Supreme Court found that a judgment signed by the same judge, in similar circumstances, could not be altered, notwithstanding that it was signed in error. That case is distinguishable on its facts. In Bourgeois,[1] the judgment in favor of the defendants was signed on November 6, 2001, with notice issued on November 29, 2001. Plaintiff received the notice and rather than move for new trial, filed for an appeal on January 15, 2002. On that same day, the court issued a second judgment in favor of the plaintiff, and later issued an order stating it had inadvertently signed the first judgment. In that case, unlike the matter before us, the time for granting of a new trial was long past. Under La. C.C.P. art. 1971, a new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on all or part of the issues. C.C.P. art. 1974 grants seven days, exclusive of holidays, in which a new trial may be granted. The recordation of the trial court that it signed the first judgment in error, within the time frame permitted for granting a new trial, persuades us that the January judgment is not invalid as an impermissible amended judgment. Lousteau, 871 So.2d at 620.
The court then considered the appeal of the amended judgment.
It is unclear what the use of the term “absolutely” applied to null judgments is *273 meant to convey. There are four effects that generally accompany the legal concept of absolute nullity. It is void ab initio; may not be confirmed; is imprescriptible; and the nullity may be noticed by the court on its own motion. These principles derive from the Civil Code articles governing absolutely null contracts. See La. C.C. arts. 2030, 2032, and 2033. Judgments that may be annulled are governed by other principles, not the least of which is the necessity for finality of judgments.
While the distinction between a null judgment and an absolutely null judgment is not apparent, it is clear that the provisions applicable to absolutely null contracts should not be grafted onto “absolutely null” judgments. Among the |.(reasons this is true is the fact that the essence of a contract and of a judgment are antithetical. A contract is an agreement among parties that creates obligations. A judgment is a judicially imposed order obligating parties that are not in agreement.[2] A judgment found to have no legal effect may be designated as null, without the use of the term “absolutely,” which adds nothing to its legal effect and generates confusion.
Further, the legislature has not provided in either La. C.C.P. art. 1951 or in the articles on annulling judgments for an “absolutely null judgment.”[3] The law on nullity of judgments, as provided heretofore, clearly establishes that judgments are not void ab initio, because one may lose the right to seek nullity under the circumstances provided in La. C.C.P. art. 2003. Also, jurisprudence has established that the parties may consent to a substantive amendment of a judgment. See Villaume v. Villaume, 363 So.2d 448 (La.1978).
Therefore, I find no reason for the designation of the judgment as an “absolute” nullity, but agree that it is a nullity and respectfully concur in that portion of the judgment.

. Bourgeois v. Kost, 02-2785 (La.5/20/03), 846 So.2d 692.

. Stipulated judgments are an exception to this rule.

. Louisiana Code of Civil Procedure article 3953 governing nullity of judgments in divorce actions does provide that judgments not rendered in accordance with certain requirements are absolutely null.