LORA PITRE

VERSUS

LOUISIANA THOROUGHBRED BREEDERS
ASSOCIATION, WARREN HARANG, III, JAKE
DELHOMME, DANIEL GUIDRY, VAL
MURRELL, DAVID TILLSON, AND KEITH
HERNANDEZ

NO. 21-C-195

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Susan S. Buchholz*
Susan S. Buchholz
First Deputy, Clerk of Court

July 05, 2022

Susan Buchholz
First Deputy Clerk

**IN RE** LOUISIANA THOROUGHBRED BREEDERS ASSOCIATION, WARREN HARANG, III, JAKE DELHOMME, DANIEL GUIDRY, VAL MURRELL, DAVID TILLSON, AND KEITH HERNANDEZ

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE DANYELLE M. TAYLOR, DIVISION "O", NUMBER 814-185

Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and John J. Molaison, Jr.

## WRIT GRANTED; MARCH 29, 2021 ORDER ANNULLED AND SET ASIDE; MARCH 25, 2021 JUDGMENT REINSTATED; STAY LIFTED; REMANDED

Relators/defendants, Louisiana Thoroughbred Breeders Association ("LTBA"), Warren Harang, III, Jake Delhomme, Daniel Guidry, Val Murrell, David Tillson, and Keith Hernandez, seek review of the trial court's March 29 Order granting respondent/plaintiff's motion to modify arbitration panel.

Trial on plaintiff's *quo warranto* petition was held on February 22, 2021. After hearing relators' exceptions and motion to strike and respondent's petition, the trial court denied relators' exceptions and motion to strike. The trial court granted plaintiff's oral request for a directed verdict, granted plaintiff's petition, vacated the current Board Election, and ordered a new election. The trial court further order that the Association "shall conduct a new board of directors election and shall conduct a new election of officers under the supervision of a court-appointed arbitration panel the chair of which is a credentialed and Registered [*sic*] member of the National Association of Parliamentarians or other national body certifying competency in parliamentary procedure." The trial court also ordered the parties to "recommend and submit to this court three persons to serve on the above-ordered panel." The

trial court's judgment was signed on March 25, 2021, and the trial court subsequently amended the judgment on April 5, 2021.[1]

On March 24, 2021, plaintiff filed a "Notice of Submission of Recommendations for Arbitration Panel, Motion for Modification and Appointment of Panel, and Incorporated Memorandum in Support." In plaintiff's motion for modification, plaintiff requested that the trial court "modify this panel to allow for a chair other than a credentialed and Registered [*sic*] member of the National Association of Parliamentarians or other national body certifying competency in parliamentary procedure, but also a chair who is an arbitrator and mediator – namely Professor and Attorney Bobby Harges." On March 29, 2021, without notice or a contradictory hearing, the trial court granted plaintiff's motion to modify arbitration panel and appointed all three of plaintiff's nominees to the arbitration panel. The order further stated that the "arbitration panel established by the Judgment of this court rendered on February 22, 2021, is hereby modified to allow for a chair other than a credentialed and Registered [*sic*] member of the National Association of Parliamentarians or other national body certifying competency in parliamentary procedure, but also a chair who is an arbitrator and mediator – namely Professor and Attorney Bobby Harges." Relators filed the instant writ application, contending the trial court's March 29, 2021 order substantively changed the March 25, 2021 judgment without complying with the requirements of La. C.C.P. art. 1951. Relators request this court to vacate the March 29, 2021 order modifying the March 25, 2021 judgment and reinstate the March 25, 2021 judgment.

La. C.C.P. art. 1951 provides:

> On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment, but not its substance, or to correct errors of calculation. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received.

A judgment which has been signed cannot be altered, amended, or revised by the judge who rendered the same, except in the manner provided by law. Bourgeois v. Kost, 02-2785 (La. 05/20/03), 846 So.2d 692, 696. Without a specific statutory grant of authority, the trial court is limited to the general authorization for amending

---

[1] The parties consented to amending the March 25, 2021 judgment to include a previously omitted page from the judgment. This consent does not indicate that the parties agreed to the orders or language in the omitted page, only that they agreed that the page was previously omitted and should have been included in the original judgment. A review of the April 5, 2021 order amending the March 25, 2021 judgment shows that it does not contain the requisite decretal language to be a valid, final judgment. La. C.C.P. art. 1918.

final judgments provided in La. C.C.P. art. 1951. <u>Id.</u> La. C.C.P. art. 1951 allows the amendment of judgments to correct errors in calculation and to alter the phraseology of the judgment, but does not authorize a trial court to make substantive amendments to final judgments. La. C.C.P. art. 1951. Failure to comply with the requirements of La. C.C.P. art. 1951 results in the annulment and setting aside of the amending judgment and reinstating the original judgment. <u>Oreman v Oreman</u>, 05-955 (La. App. 5 Cir. 03/31/06), 926 So.2d 709, 712, <u>writ denied</u>, 06-1130 (La. 09/01/06), 936 So.2d 206 (A second judgment amending the substance of an earlier judgment without compliance with La. C.C.P. art. 1951 is an absolute nullity and without legal effect); <u>Alliance for Good Government, Inc. v. Jefferson Alliance for Good Government, Inc.</u>, 96-309 (La. App. 5 Cir. 10/16/96), 683 So.2d 836, 839.

Upon review of the writ application, opposition, and exhibits attached thereto, we find that the trial court's March 29, 2021 order substantively altered the March 25, 2021 judgment in violation of the mandatory requirements of La. C.C.P. art. 1951. Absent a hearing or consent to amend, which is not present in this case, the March 29, 2021 order is null and void.[2] Accordingly, this writ application is granted, the March 29, 2021 order is annulled and set aside and the original March 25, 2021 judgment is reinstated. We further lift this court's June 4, 2021 stay order and remand this matter for further proceedings.

Gretna, Louisiana, this 5th day of July, 2022.

**SJW**
**SMC**
**JJM**

---

[2] Although we are vacating the March 29, 2021 order, a review of the March 29, 2021 order shows that it also failed to contain the requisite decretal language to be a valid, final judgment.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
INTERIM CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **07/05/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**21-C-195**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Danyelle M. Taylor (DISTRICT JUDGE)
Micah C. Zeno (Respondent)

Judy L. Burnthorn (Relator)
Beverly A. Delaune (Relator)
Gregory Sauzer (Relator)
Alexandre E. Bonin (Relator)
R. Christian Bonin (Relator)

### MAILED

Arthur G. Grimsal (Respondent)
Bryan M. Dupree (Respondent)
Attorney at Law
201 Saint Charles Avenue
40th Floor
New Orleans, LA 70170

John L. Duvieilh (Relator)
Attorney at Law
201 Saint Charles Avenue
Floor 47
New Orleans, LA 70170

Jean-Marc Bonin (Relator)
Paul A. Bonin (Relator)
Attorney at Law
4224 Canal Street
New Orleans, LA 70119

7/5/22

SENDER: *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Paul A. Bonin
Attorney at Law
4224 Canal Street
New Orleans, LA 70119
21-C-195                    07-05-22

|||||| barcode ||||||

9590 9402 2434 6249 3639 32

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 6915

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____    ☐ Agent
                     ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

Denise Amaya

D. Is delivery address different from Item 1?  ☐ Yes
If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Receipt

7/5/22

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

SECURI

1. Article Addressed to:

Bryan M. Dupree
Arthur G. Grimsal
Attorneys at Law
201 Saint Charles Avenue/40th Floor
New Orleans, LA 70170
21-C-195                07-05-22

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9401 0083 5168 4399 09

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 6922

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____   ☐ Agent
                      ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
VOGT                             7/7/22

D. Is delivery address different from item 1?   ☑ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☑ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053        Domestic Return Receipt

7/5/22



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

John L. Duvieilh
Attorney at Law
201 Saint Charles Avenue/Floor 47
New Orleans, LA 70170
21-C-195                    07-05-22

9590 9401 0083 5168 4398 55

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 6939

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____     ☑ Agent
                      ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery
Distan Tucker                       7/8/22

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053        Domestic Return Receipt