# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

LEASER CROCKETT

VERSUS

TARCHIA LOLLIS, GARRISON
PROPERTY AND CASUALTY
INSURANCE COMPANY, AND GEICO
GENERAL INSURANCE COMPANY
(UNINSURED/UNDERINSURED AND
MEDICAL PAYMENTS)

NO.   2022 CW 1084

NOVEMBER 9, 2022

---

In Re:    GEICO Casualty Company, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 694890.

---

**BEFORE:    WHIPPLE, C.J., GUIDRY AND WOLFE, JJ.**

**WRIT GRANTED.**   The district court's August 29, 2022 judgment vacating its June 20, 2022 judgment that dismissed GEICO Casualty Company with prejudice constitutes a substantive amendment to a final judgment. See La. Code Civ. P. art. 1951; **Bourgeois v. Kost,** 2002-2785 (La. 5/20/03), 846 So.2d 692. Substantive amendments to judgments can be made only by consent of the parties or after a party has successfully litigated a timely application for new trial, an action for nullity, or a timely appeal. **Duncan v. Gauthier,** 2021-0220 (La. App. 1st Cir. 10/28/21), 332 So.3d 1191, 1197.  No timely motion for new trial was filed.   Therefore, the August 29, 2022 judgment is an absolute nullity.  See **Benoit v. Benoit,** 2021-0864 (La. App. 1st Cir. 4/4/22), 341 So.3d 719, 730.   Furthermore, the procedure for the production of documents and things in the hands of persons not parties is governed by La. Code Civ. P. art. 1463, which allows either an independent action, which would necessarily require service, or a subpoena duces tecum to be served upon a person not a party to the lawsuit.  Plaintiff did not employ either of these procedures.   Therefore, the district court abused its discretion in ordering discovery from GEICO after its dismissal.   For these reasons, the district court's August 29, 2022 judgment is vacated.

**VGW**
**JMG**
**EW**

COURT OF APPEAL, FIRST CIRCUIT

_a.Sn_
<u>DEPUTY CLERK OF COURT</u>
FOR THE COURT