STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 24-181

RILEY LEE CALHOUN

VERSUS

ROY T. JAMES

**********

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 54101
HONORABLE JOHN C. REEVES, DISTRICT JUDGE

**********

**GUY E. BRADBERRY**
**JUDGE**

**********

Court composed of Elizabeth A. Pickett, Sharon Darville Wilson, and Guy E. Bradberry, Judges.

**AFFIRMED.**

**V. Russell Purvis, Jr.**
**P.O. Box 298**
**Jonesville, LA 71343**
**(318) 339-8526**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Riley Lee Calhoun**

**Paul A. Lemke**
**P.O. Box 595**
**Harrisonburg, LA 71340**
**(318) 744-5431**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Roy T. James**

**BRADBERRY, Judge.**

In this matter, Roy James appeals a trial court ruling amending a judgment in favor of Riley Calhoun to include plats referenced, but not included, in a prior final judgment in favor of Mr. Calhoun. For the following reasons, we hereby affirm the decision of the trial court.

This matter began as a possessory action filed by Mr. Calhoun against Mr. James. It involved two triangular plots of land adjacent to the Black River in Concordia Parish. Mr. Calhoun had used the parcels, which ran partially adjacent to his own property, for cattle grazing. Mr. James had disturbed his possession of the property, removing or destroying one of his cattle gates. After a hearing on the matter on March 27, 2023, judgment was rendered in favor of Mr. Calhoun recognizing his right to possess both the parcels. That judgment read that he has possession of:

> A piece or parcels of land lying immediately adjacent to the property acquired by Riley Lee Calhoun from J.B. Calhoun by document 88478 filed in COB P-8 Folio 455 on the 23rd day of April 1964, said tracts contain cattle pens, a shed, fences, gates and loading area running from the area at the east end to the property acquired in 1964 al[l] the way to the Black River including both improved areas, holding pen, and wooded areas. Said tracts running between parallel lines being wide by 100 feet more or less. Said wi[d]th to be determined by location of an ancient iron pipe marker and one of the sides of the tracts acquired by Calhoun described above. Located in Section 21, Township 6 North, Range 6 East as shown on plats attached hereto and made part hereof.

While that judgment clearly references "plats attached hereto and made part hereof," no such plats were attached to the judgment. That judgment was initially appealed, but this court dismissed said appeal on August 1, 2023. That judgment is therefore final and is not the subject of this current appeal.

Despite judgment being awarded in favor of Mr. Calhoun, Mr. James did not vacate the property, leading to Mr. Calhoun beginning eviction proceedings. During

that process, it was discovered that the plats mentioned in the March 2023 judgment were not attached to it. To further his proceedings in the eviction matter, Mr. Calhoun requested that the prior judgment be amended to include the referenced plats, which had been produced in the earlier trial on that matter. After a very brief hearing on the matter, held in November of 2023, the trial court amended the March 2023 judgment to read:

> A parcel or parcels of land lying immediately adjacent to the property acquired by Riley Lee Calhoun from J.B. Calhoun by document 88478 filed in COB P-8 Folio 455 on the 23rd day of April 1964, said tracts containing cattle pens, a shed, fences, gates and loading area running from the area at the east end of the property acquired in 1964 al[l] the way to the Black River including both improved area, holding pens, and wooded areas. Said tracts running between parallel lines being wide by 100 feet more or less. Said wi[d]th to be determined by location of an ancient iron pipe marker and one of the sides of the tracts acquired by Calhoun described above. Located in Section 21, Township 6 North, Range 6 East as shown on the plats entered as Plaintiff's Exhibit A and Plaintiff's Exhibit B in this action **and are attached hereto and made part of this judgment**.

From that decision, signed and rendered in January of 2024, Mr. James appeals.

On appeal, Mr. James asserts one assignment of error, claiming the trial court abused its discretion in amending the language of the initial judgment, arguing that the new language substantively modifies the original judgment. He claims that the inclusion of the plats expands the area covered in the judgment by some twenty-five acres. We disagree.

With respect to amending final judgments, La.Code Civ.P. art. 1951:

> On motion of the court or any party, a final judgment may be amended at any time to alter the phraseology of the judgment or to correct deficiencies in the decretal language or errors of calculation. The judgment may be amended only after a hearing with notice to all parties, except that a hearing is not required if all parties consent or if the court or the party submitting the amended judgment certifies that it was provided to all parties at least five days before the amendment and that no opposition has been received. A final judgment may not be amended under this Article to change its substance.

2

In *Bourgeois v. Kost*, 02-2785, p. 5 (La. 5/20/03), 846 So.2d 692, 695, the Louisiana Supreme Court stated: "[La.C.C.P. art.] 1951 contemplates the correction of a 'clerical error' in a final judgment but does not authorize substantive amendments. Thus, the judgment may be amended by the court where the amendment takes nothing from or adds nothing to the original judgment." An improper substantive change is an absolute nullity which must be vacated by the appellate court. *Matter of Succession of Brown*, 22-765 (La.App. 1 Cir. 12/22/22), 357 So.3d 834.

Here, the sole change in the *language* of the judgment was the altering of the phrase referencing the plats entered into evidence at the original trial. The original language referencing the plats read (italic emphasis ours): "Located in Section 21, Township 6 North, Range 6 East as shown *on plats attached hereto and made part hereof*." That language was changed to become (italic emphasis ours): "Located in Section 21, Township 6 North, Range 6 East as shown *on the plats entered as Plaintiff's Exhibit A and Plaintiff's Exhibit B in this action **and are attached hereto and made part of this judgment***." Otherwise, the judgments are the same, including typos made in the original judgment. The only actual change in the wording is the specificity with which the plats are described. Nothing was added to the judgment by the new language. We cannot find that the simple change in phraseology, merely refencing the plats with more particularity, amounted to any substantive change in the original judgment.

Moreover, the only other change between the judgments is that the plats referenced are actually attached to the judgment, as clearly intended in the original judgment. Those plats were included in the evidence of the initial trial, found to be correct and valid, and clearly intended to be a part of that judgment, as evidenced by

that judgment's very language. Because that judgment is final and its appeal abandoned, the validity of the plats cannot be challenged in any way here. Since the plats were clearly referenced as attached in the original judgment, we would be hard pressed to find that their actual inclusion to be anything beyond the fixing of a clerical error, which is clearly permitted under La.Code Civ.P. art. 1951.

Finally, we must note that at the brief hearing concerning the amendment held on November 27, 2023, counsel for Mr. James clearly agreed to the validity of the plats at issue and their inclusion being referenced in the original judgment, as he stated (emphasis ours):

> As indicated in Chambers, the -- the final judgment referenced plats that were attached hereto and made part hereof. However, once notice of judgment went out, there -- there was only the judgment itself. There were two -- well, they're [sic] actually three exhibits filed on 2/27 of '23. They were Plaintiff's Exhibit A, Plaintiff's Exhibit B, and Plaintiff's Exhibit C. The -- all three of them were -- were maps but there're [sic] not referenced on the final judgment. I believe you're going to amend the final judgment today to reflect -- and *me and Mr. Purvis have agreed that it's Plaintiff's Exhibit A and Plaintiff's Exhibit B which were both trial exhibits filed on 2/27 of '23*, and that – it's my understanding that you're going to amend the final judgment on March 27, 2023 to incorporate in its judgment Exhibit A and Exhibit B.

**THE COURT:**

Mr. Purvis[counsel for Mr. Calhoun], your response?

**MR. PURVIS:**

That's correct, Your Honor. *That has been our agreement*. . . .

At that point the trial court ordered that the *agreed-upon* plats be made part of the judgment, as obviously initially intended. No objection to the plats was made by Mr. James' counsel of any kind. It seems highly unlikely that counsel for Mr. James would have agreed to the inclusion of any plats that expanded the original judgment, as he seeks to claim here. And again, the validity of the plats is beyond

4

challenge, as the initial judgment is final, and Mr. James abandoned his appeal of it. Based on the record before this court, we cannot find that the trial court abused its discretion in amending the initial March 2023 judgment to include plats which were clearly intended to be originally included, as noted by counsel for Mr. James, himself.

For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are hereby assessed against Mr. James.

**AFFIRMED.**